UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NUMBER: 95-86

CHRISTOPHER VON NORMAN                       SECTION C

**ORDER and REASONS**

The Court having considered movant Christopher Von Norman's Motion for Modification of the Record, Specifically a Correction to Petitioner's Pre-sentence Investigation Report (Rec. Doc. 293), the Government's Response (Rec. Doc. 295) and Movant's Rebuttal to Government's Response (Rec. Doc. 296), for the following reasons, the Motion is hereby DENIED.

**I. Background**

On May 17, 1995 Mr. Norman pled guilty to distribution of five (5) kilograms of cocaine hydrochloride. Rec. Doc. 74. A Pre-sentence Investigation Report ("PSR") was prepared by the United States Probation Office prior to sentencing[1]. The PSR assessed Mr. Norman's total offense level at 34 and his criminal history category at VI, resulting in a guideline range of 262 - 327 months imprisonment. PSR at 20. The PSR included information regarding a series of armed robberies Mr. Norman was convicted of committing while on bond after pleading guilty to the federal narcotics charges. PSR at 12-14. Through counsel, Mr. Norman filed one objection to the PSR on July 28, 1995, and two additional objections on June 27, 1996, regarding adjustments for a leadership role in the offense and the lack of an adjustment for acceptance of responsibility. *Id.* at 21, 26. However, there was no objections to the inclusion of the state aggravated robbery

---

[1]The PSR, while it is a part of the record, albeit a confidential and sealed part of the record, does not appear to have a docket number and was not in the paper record received. The court obtained a copy of the PSR directly from United States Probation Office for the purposes of this Order.

convictions in Mr. Norman's PSR.

A Sentencing Hearing was held on August 28, 1996 where Mr. Norman was sentenced to a term of imprisonment of 262 months, to run consecutively to a 50 year Texas state sentence that was imposed for the aggravated robbery convictions. Rec. Doc. 220 at 24.[2] During the Sentencing Hearing, Mr. Norman's objections to his PSR were overruled by Judge Schwartz. *Id.* at 3-4. Particularly, in regards to Mr. Norman's objection to the lack of downward adjustment for acceptance of responsibility, Judge Schwartz found the armed robbery convictions belied Mr. Norman's acceptance of responsibility. *Id.* at 4. Specifically, Judge Schwartz held that "although the armed robberies [were] unrelated to the instant offense, the Court cannot say that the Defendant ha[d] clearly accepted responsibility when he committed serious offenses within days of pleading guilty to the charge in this case." *Id.*

Mr. Norman had pursued post-conviction relief for his state convictions by filing a writ of habeas corpus relief in Texas. Rec. Doc. 293 at 5. Mr. Norman's state habeas petition alleged his guilty pleas to the five aggravated robbery charges were not voluntarily due to his reliance on assurances by his state trial counsel that any sentences imposed for these state charges would be concurrent to the federal sentence imposed in this instant matter. *Id.* at 5-6. However, the sentence imposed in the federal proceeding was to be served consecutively to those state sentences. Rec. Doc. 220 at 24.

On February 9, 2005 the Court of Criminal Appeals of Texas granted Mr. Norman's habeas petition and set aside the judgments in the five state aggravated robbery cases and remanded the cases for new trials. Rec. Doc. 293 at 5-6. The Texas Court of Criminal Appeals found that Mr. Norman's decision to plead guilty was a result of counsel's deficient advice

---

[2] The original trial judge was United States District Judge Charles Schwartz, Jr., who retired in 2001. The case was re-allotted to Judge Helen Ginger Berrigan on December 14, 2000.

2

regarding the operation of Mr. Norman's state and federal sentences. Rec. Doc. 293 at 6. As such, he had been prejudiced and the Texas court remanded the five charges for new trials. *Id.* On remand in the 232nd District Court, Harris County, Texas, the five aggravated robbery charges resulted in the following outcomes:

>  (1) Case No. 697913: acquitted by a jury**;**
>  (2) Case No. 698370: dismissed due to a conviction in Case No. 698373;
>  (3) Case No. 698371: dismissed due to a conviction in Case No. 698373;
>  (4) Case No. 698372: dismissed due to a conviction in Case No. 698373; and
>  (5) Case No. 698373: resulted in a five year sentence imposed on August 23, 2006 following Mr. Norman's plea of nolo contendere.

Rec. Doc. 293 at 8-12.

It is due to the successful state habeas petition and the outcome on remand that Mr. Norman brings this instant motion to amend his PSR in order to reflect the new sentence imposed in the state court proceedings and the acquittal and dismissals of all but one of the charges.

**II. Analysis**

Movant's Motion for a Modification of the Record Specifically a Correction to Petitioner's Pre-Sentence Investigation Report was filed *pro se* and requested his PSR be changed to reflect the new outcomes in the Texas state cases. Rec. Doc. 293. Mr. Norman's motion mentions the continuing impact the PSR has on his incarceration, however he does not cite any legal basis for this Court to grant his motion. *Id* at 3. Per this Court's Order dated November 17, 2014, the Government filed a response to Mr. Norman's motion. Rec. Docs. 294 and 295. The Government argues that this Court lacks jurisdiction to hear this motion under Federal Rule of Criminal Procedure 32 and prior Fifth Circuit precedent, *United States v. Engs*, 884 F.2d 895 (1989). Rec. Doc. 295 at 2. In response, Mr. Norman filed a Rebuttal to Government's Response in which he argues Federal Rule of Criminal Procedure 36 gives this Court the authority to

3

amend his PSR. Rec. Doc. 296. Both sides are in agreement, however, that even if the changes Mr. Norman seeks are made, there would be no change in his criminal history category. Rec Docs. 293 at 2 and 295 at 2.

A pre-Sentence Investigation Reports continues to remain relevant post-sentencing due to its use by the Bureau of Prisons and Parole Commission in determining the classification, custody level, availability of certain programming options, chances for parole and "relationships with social service and correctional agencies after release from prison." *United States v. Brown*, 715 F.2d 387, 389 n.2 (8th Cir. 1983). Like many other jurisdictions, the Fifth Circuit has examined whether Rule 32 allows the district court to hear motions to modify, amend or correct PSRs after sentences have been imposed and ruled in the negative. *United States v. Engs*, 884 F.2d 894 (5th Cir. 1989).[3]

---

[3]At the time of the Fifth Circuit's decision in 1989, the relevant rule was codified as Rule 32(c)(3)(A). The relevant language of Rule 32(c)(3)(A) read as follows: "The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it." FED. R. CRIM. P. 32(c)(3)(A) (1989) (amended 1993). The current language of Rule 32(f) reads:

> (1) **Time to Object.** Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
> (2) **Serving Objections.** An objecting party must provide a copy of its objections to the opposing party and to the probation officer.
> (3) **Action on Objections.** After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

FED. R. CRIM. P. 32(f).

Additionally, current Rule 32(h)(2) allows the parties to introduce evidence on the objections during the sentencing hearing. FED. R. CRIM. P. 32(h)(2).

In *United States v. Engs* the defendant had moved to amend his PSR five years after his sentenced was imposed. *Id.* at 895. The defendant was seeking to have the amount of counterfeit cashier checks forged attributed to him reduced to the amount he was ordered to pay in restitution. *Id.* The sole reason for his motion to amend his PSR was "in order to receive a more favorable parole status." *Id.*

However, the Fifth Circuit ruled that "once sentence is imposed, the district court's jurisdiction over the defendant becomes very limited." *Id.* The execution of the sentence is within the jurisdiction of the Bureau of Prisons and the Parole Commission. *Id.* Rule 32(f) of the Federal Rules of Criminal Procedure clearly states that "the parties must state in writing any objections" to the pre-sentence report within 14 days after its receipt. The language of Rule 32 has been held to "offer[] no basis for empowering the sentencing court to hear postsentence challenges to the PSR." *United States v. Engs*, 884 F.2d at 896. Under Rule 32, this Court has no jurisdiction over Mr. Norman's motion.

Mr. Norman argues that under Federal Rules of Criminal Procedure Rule 36, this court has jurisdiction to amend his PSR and "correct" the information regarding the Texas state convictions. Rec. Doc. 296. In furtherance of his argument, Mr. Norman points to a recent Fifth Circuit decision, *United States v. Mackay,* 757 F.3d 195, (5th Cir. June 26, 2014) where a PSR was corrected post-sentencing under Rule 36. Rec. Doc. 296 at 2. In *Mackay* the defendant's PSR mistakenly stated the offense charged as "conspiracy to possess with intent to distribute and distribution of *cocaine*" when the actual charge involved marijuana. *Id.* at 196.

Federal Rule of Criminal Procedure 36 reads as follows: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

5

FED. R. CRIM. P. 36. In *Mackay*, the Fifth Circuit, in a matter of first impression, held that the PSR is a "part of the record" within the meaning of Rule 36 and clerical errors in such could be corrected at any time. *U.S. v. Mackay*, 757 F.3d at 198 (5th Cir. June 26, 2014). However, the Fifth Circuit opinion distinguished between Rule 32 objections, which are limited to a 14 day window after disclosure of the PSR, and Rule 36 corrections which are allowed at any time. *Id.* at 199. Rule 32 is focused on "substantive material information such as sentencing guidelines ranges and policy statements." *Id.* (internal citations omitted). Rule 36, the criminal procedure rule analogous to Federal Rule of Civil Procedure 60, allows for the correction of "clerical errors, a copying or computational mistake," or "mechanical or mathematical mistake[s]." *Id.*

The amendment that Mr. Norman is requesting be made to his PSR is a substantive change and not merely "mechanical or mathematical" or "clerical." As such, Rule 36 does not give this court authority to change Mr. Norman's PSR. Neither Rule 32 nor Rule 36 give this court the authority or jurisdiction to change Mr. Norman's PSR to reflect the changes to his state criminal record before he has exhausted his administrative remedies. This is a matter that is best taken up with the Bureau of Prisons or the Parole Commission.

For the reasons set forth above,

IT IS ORDERED that Movant's Motion for Modification of the Record, Specifically a Correction to Petitioner's Pre-sentence Investigation Report (Rec. Doc. 40) is **DENIED.**

New Orleans, Louisiana, this 2nd day of February, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

6